**Alcuin WILLENBRING, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17783.**

United States Court of Appeals
Ninth Circuit.

Aug. 10, 1962.

Leonard B. Hankins and James L. Hay, Long Beach, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Richard A. Murphy, Asst. U. S. Atty., Asst. Chief, Criminal Section, Los Angeles, Cal., for appellee.

Before ORR, HAMLEY and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

Alcuin Willenbring, appellant herein, was convicted in the United States District Court for the Southern District of California, Central Division, of two counts of willful income tax evasion. His appeal to this court from this conviction raises only one point: that the district judge should have disqualified himself from trying the case after an affidavit of bias was filed by appellant pursuant to 28 U.S.C.A. § 144.[1]

---

1. "§ 144. *Bias or prejudice of judge*
   "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no fur-

Appellant's indictment was filed February 16, 1961; thereafter, certain preliminary matters in connection with his case were handled by District Judge Harry C. Westover who assigned the case to District Judge William M. Byrne for trial. The trial was set for November 21, 1961. On October 9, 1961, the case was transferred by Chief Judge Pierson M. Hall to the trial calendar of District Judge Albert Lee Stephens, Jr. On November 17, 1961, the case was transferred to District Judge Gus Solomon for trial. On that day appellant's attorney was advised by the government attorney that the case had been transferred to Judge Solomon and that Judge Solomon had requested the presence of counsel at a pre-trial conference on November 18. The trial remained set for November 21. On November 18 and on November 20, 1961, pre-trial conferences were held with appellant and counsel for both parties present. On November 21, the morning of trial, appellant filed an affidavit of bias and a motion that Judge Solomon disqualify himself and that the case be reassigned to Judge Byrne.[2] The affidavit and motion in pertinent part is set out in the margin.[3]

In open court when the matter was on for hearing Judge Solomon asked counsel, "Have you anything to say to supplement the affidavit?" The reply of counsel added nothing to the allegations in the affidavit and contained no statement of facts which in any way established any bias or prejudice on the part of the trial judge.

The district judge held that the affidavit was insufficient, refused to disqualify himself, and presided over the defendant's trial before a jury which jury found the appellant guilty of two counts of income tax evasion. This appeal is from the judgment of conviction, this court having jurisdiction under 28 U.S.C.A. § 1291. Appellant does not complain of any error or action of the district judge during the trial. His only point on appeal is that the district judge erred in refusing to disqualify himself after appellant had filed his affidavit of bias under 28 U.S.C.A. § 144.

When an affidavit of bias is filed under 28 U.S.C.A. § 144 the district

ther therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

2. The provisions of the rule requiring that the affidavit be filed "not less than ten days before the beginning of the term of the court" are not applicable here because the case was not assigned to Judge Solomon until four days before trial. See Hurd v. Letts, 80 U.S.App.D.C. 233, 152 F.2d 121 (D.C.Cir.1945) and Nations v. United States, 14 F.2d 507 (8th Cir. 1926).

3. "2. That upon information and belief, the affiant states as follows: That on February 17, 1961, the United States Attorneys Office called the affiant's At-

torney Leonard B. Hankins and advised him that the case had just been transferred to the Honorable Gus Solomon, Judge of the District Court for trial; that thereafter the affiant's attorney has had two conferences with the Honorable Gus Solomon at which agents for the government and the Assistant United States Attorney were present; that further upon information and belief the affiant states that the Honorable Judge Solomon had a conference with the Assistant United States Attorney regarding this case without the affiant's attorney being present; that further upon information and belief the affiant believes that the Honorable Gus Solomon has already made up his mind that the defendant is guilty without hearing all of the evidence of the case; and that further upon information and belief the affiant states that the Honorable Gus Solomon has a personal bias or prejudice against the affiant and that the said Honorable Gus Solomon should proceed no further therein, but that the matter should be transferred to another judge to hear the proceedings; * * *."

judge against whom the affidavit is filed may pass upon the legal sufficiency of the facts alleged in the affidavit, but he does not pass upon the truth or falsity of the facts alleged. He must accept the facts alleged as true. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Green v. Murphy, 259 F.2d 591 (3d Cir. 1958).

In this case the only fact set forth in the affidavit was that the "Honorable Judge Solomon had a conference with the Assistant United States Attorney regarding this case without the affiant's attorney being present." There is nothing about this statement of fact that shows that the district judge was personally biased or prejudiced against the appellant. It is not suggested or implied that any improper conduct took place in this conference or that the merits of the case were discussed. A similar allegation in an affidavit was before the court in Scott v. Beams, 122 F.2d 777 (10th Cir. 1941), where the court said, "The statement that the Assistant United States Attorney conferred with the judge during the absence of other attorneys in the case, of itself, was not a fact showing bias and prejudice." [4]

The other statements in the affidavit that affiant believed that the "Honorable Gus Solomon has already made up his mind that the defendant is guilty" and that he "has a personal bias or prejudice against the affiant * * *" are not statements of fact but are conclusions of the affiant. In Williams v. Pierce County Board of Commissioners, 267 F.2d 866, 867 (9th Cir. 1959), this court stated:

"Appellant asserts error of the trial judge in failing to disqualify himself after an affidavit had been filed by plaintiff charging the judge with bias. The affidavit stated no facts showing bias. Its conclusions of bias and prejudice were properly disregarded by the judge."

In Johnson v. United States, 35 F.2d 355, 357 (D.C.W.D.Wash.1929), the court said:

"To avoid abuses, the law requires that the affidavit be of legal sufficiency. That is, that the charge be of *personal* bias or prejudice, that the facts and reasons for the charge be set out and give fair support to the accusation, and that upon its face the affidavit presents evidence of good faith."

We hold that the appellant's affidavit in this case did not allege sufficient facts to require the district judge to disqualify himself and that he committed no error in refusing to take such action.

Judgment affirmed.