**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Derrace BALLARD, Defendant-Appellant.**

**No. 23720.**

United States Court of Appeals Ninth Circuit.

Oct. 28, 1969.

Clayton E. Clement (argued), Martinez, Cal., for appellant.

William B. Shubb (argued), Asst. U. S. Atty., John P. Hyland, U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLIN and ELY, Circuit Judges, and TAYLOR, District Judge *.

HAMLIN, Circuit Judge.

William Ballard, appellant herein, was convicted in a jury trial in the United States District Court for the Eastern District of California for the violation of 18 U.S.C. § 2113(a) (robbery of an insured savings and loan association).[1] This court has jurisdiction of his timely appeal by virtue of 28 U.S.C. § 1291.

Appellant makes the following contentions upon appeal: (1) The defendant was denied the "effective and substantial" aid of counsel in connection with his efforts to secure reduction in bail. (2) The court's instruction on the effect of the defendant's failure to take the stand was a violation of the defendant's rights under the Fifth Amendment. (3) The government failed to establish that the alleged robbery is a federal crime. (4) The unfair suggestiveness of a pretrial identification procedure served to deny the defendant his rights under the Constitution. We shall consider appellant's contentions in the order made.

After his indictment the appellant appeared before the court by reason of a letter that he had written to Martin Haley, Esq., his court appointed counsel, requesting that he withdraw and asking that new counsel be appointed. While in court the appellant in response to a question as to why he had written the letter, stated " * * * it's some motions that I felt should have been made in my behalf, your Honor, that Mr. Haley refused to make; therefore, I thought maybe if I could speak to another attorney that this could possibly happen for me." It

developed that these motions were in reference to a reduction of the $10,000 bail that had been previously fixed. The court at first was willing to make a change of counsel, but when he learned that the trial was set some seventeen days later with two co-defendants, he changed his mind and apparently made no order substituting other counsel. On appeal appellant's counsel contends that, trial counsel's failure to seek review on the matter of bail served to deny appellant "the effective aid of counsel." The fact is that trial counsel did make a request for reduction of bail and the court repeatedly stated that he would not reduce the bail, giving as his reasons the nature of the charge against appellant and the prior record of appellant. The judge did, however, authorize the appointment of an investigator to assist the appellant and his counsel in preparing for trial. At the time of the trial two other participants in the robbery testified as to appellant's participation in the robbery, and on cross-examination appellant's counsel was able to develop testimony which appellant contended showed that these witnesses had some reason to testify against him.[2] We see no abuse of discretion on the part of the trial judge and no prejudice to the appellant. Appellant's counsel vigorously and ably conducted the trial proceedings and the pretrial motions and we see no basis for appellant's contention that he was denied the effective aid of counsel.

We turn to appellant's second contention. At the trial appellant did not take the witness stand. On the court's own motion an instruction was given the jury as follows:

"The law does not compel a defendant to take the witness stand and

* Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

1. 18 U.S.C. § 2113(a). Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, man-

agement, or possession of, any bank, or any savings and loan association * * * [S]hall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

2. Appellant sought to be released on bail so that he could locate witnesses to establish their animus toward him.

testify, and no presumption of guilt may be raised and no inference of any kind may be drawn from the failure of the defendant to testify."

In United States v. Jones, 406 F.2d 1297 (9th Cir. 1969), where such an instruction was given and the defendant objected to the instruction after it had been given, the court held that there was no error, citing Coleman v. United States, 367 F.2d 388 (9th Cir. 1966). In the instant case no objection was made to the instruction even after it was given. We see no error.

Appellant's third contention also has no merit. To establish that the savings and loan association that was robbed was insured as defined by 18 U.S.C. § 2113(g) [3] there was introduced in evidence *inter alia* (1) an invoice from the Federal Savings and Loan Insurance Corporation for the insurance for the period in question and the canceled check of the robbed institution in payment thereof; (2) testimony that a certificate of insurance from the Federal Savings and Loan Insurance Corporation was hanging on the wall in the office of the robbed institution; and (3) the testimony of an officer of the robbed institution that the insurance was in effect. We hold that the proof of the fact of insurance was ample. See Callahan v. United States, 367 F.2d 563 (9th Cir. 1966); Cook v. United States, 320 F.2d 258 (5th Cir. 1963).

Appellant's final contention likewise has no merit. The facts show that at the time of the robbery three persons actively participated in it. Conversation by the robbers was with two women tellers. Each of these women tellers had ample opportunity to see the robbers, and each at the trial identified appellant as being one of the three. On cross-examination of the second teller the following questions and answers were given:

"Q  Now yesterday before the trial got started, you and Mrs. Sterneberg came into the courtroom, didn't you?

"A  Yes.

"Q  And you sat back here in the audience for a little while?

"A  Yes.

"Q  And you saw the defendant sitting over here, didn't you?

"A  Yes.

"Q  After you left the courtroom, did you have any discussion with Mrs. Sterneberg about whether or not that was the man?

"A  Well, we both said yes.

"Q  You talked about it at that time, didn't you?

"A  Yes."

This conversation occurred on the opening day of the trial. No objection was made by counsel for appellant to the testimony of either of the tellers' identifications and no motion of any kind was made in relation thereto. Counsel's contention on appeal that this somehow violated appellant's rights cannot be sustained. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), is not in point. Contrary to the decision in Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), the facts in the instant case do not present a denial of due process or unfairness to appellant. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

The judgment is affirmed.

---

3. "As used in this section the term 'savings and loan association' means any Federal savings and loan association and any savings and loan associations the ac-counts of which are insured by the Federal Savings and Loan Insurance Corporation."