Orville ETHERIDGE et al., Plaintiff,

v.

ARKANSAS LOAN & THRIFT CORPO-
RATION, an Arkansas corporation,
et al., Defendants.

Gilbert E. SMALLWOOD et al., Plaintiffs,

v.

ARKANSAS LOAN & THRIFT CORPO-
RATION, an Arkansas corporation,
et al., Defendants.

George E. SCHOBERG, Plaintiff,

v.

ARKANSAS LOAN & THRIFT CORPO-
RATION, an Arkansas corporation,
et al., Defendants.

William E. HANNA, Plaintiff,

v.

ARKANSAS LOAN & THRIFT CORPO-
RATION, an Arkansas corporation,
et al., Defendants.

J. E. SANDERS et al., Plaintiffs,

v.

ARKANSAS LOAN & THRIFT CORPO-
RATION, an Arkansas corporation,
et al., Defendants.

Willie MARTIN et al., Plaintiffs,

v.

ARKANSAS LOAN & THRIFT CORPO-
RATION, an Arkansas corporation,
et al., Defendants.

Louise RILEY, Plaintiff,

v.

ARKANSAS LOAN & THRIFT CORPO-
RATION, an Arkansas corporation,
et al., Defendants.

Nos. FS–68–C–37, FS–68–C–57, FS–68–
C–63, FS–68–C–66, FS–69–C–16,
FS–70–C–15 and FS–70–C–16.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Jan. 5, 1972.

H. Clay Robinson, of Pearce, Robinson & McCord, Ft. Smith, Ark. (representing all of the plaintiffs).

John H. Fitzhugh, Ft. Smith, Ark., William B. Putman, Fayetteville, Ark., for the Receiver of Arkansas Loan & Thrift Corp.

MEMORANDUM AND ORDER

JOHN E. MILLER, Senior District Judge.

On December 30, 1971, the plaintiffs in the above cases filed identical motions

in which they moved that the undersigned Judge "disqualify himself from these proceedings for the reason of personal bias and/or prejudice against the plaintiffs and/or in favor of the defendant, Lem C. Bryan, Receiver."

The affidavit filed with the motion states that the Judge is prejudiced in favor of the Receiver of Arkansas Loan & Thrift, because of the nature of the equity receivership proceedings over which he has presided since March 13, 1968, and because he has become so closely involved with the Receiver in his efforts to liquidate the assets of Arkansas Loan & Thrift that he "has developed a personal bias against the plaintiffs herein and others similarly situated who are attempting to assert their legal rights in this or similar actions now pending before this court." The affidavit further states that the Receiver's motion to intervene and motion for summary judgment were filed and prepared "at the suggestion, behest, and influence and pursuant to encouragement of and by the Honorable John E. Miller," and that the Judge's "deep involvement with the equity receivership proceedings, his concern for the accomplishments of the Receiver therein, his desire for a speedy conclusion of said proceedings, and his active participation as advisor and counselor to the Receiver and/or his attorneys in said proceedings and related proceedings, including this case, has caused the said Honorable John E. Miller to develop a personal bias against the plaintiffs and similar plaintiffs, together with a strong prejudice in favor of the aforesaid Receiver, all to the extent that these plaintiffs cannot obtain a fair and impartial determination of their rights unless another judge is assigned to conduct all further proceedings."

The motion is based on 28 U.S.C.A. § 144, which reads in part as follows:

"Whenever a party to any proceeding in a district court makes or files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

The motion is timely and meets all the procedural requirements set out in 28 U.S.C.A. § 144.

■ It is the basic premise of the plaintiffs that the Judge's prejudice and bias in this matter arise from his position as presiding Judge over the equity receivership of Arkansas Loan & Thrift. Numerous decisions of the Supreme Court of the United States and the Courts of Appeal, including the Eighth Circuit, establish that a claim of bias or prejudice based on judicial knowledge from prior hearings or cases is not sufficient grounds for disqualification of a judge.

In United States v. Beneke (8 Cir. 1971), 449 F.2d 1259, the court, at page 1260, stated:

"This contention is without merit since the bias or prejudice alleged did not stem from an extrajudicial source, but rather from what the judge learned in his judicial capacity. 28 U.S.C. § 144 requires that the bias necessary to disqualify must 'stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" (Citing cases.)

In United States v. Anderson (8 Cir. 1970), 433 F.2d 856, the court, at page 860, said:

"The law is that a court's ruling on a question of law does not show the personal bias required for disqualification. Knoll v. Socony Mobil Oil Company, 369 F.2d 425 (10th Cir. 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138, reh. denied, 386 U.S. 1043, 87 S.Ct. 1490, 18 L.Ed.2d 618 (1967); Riojas v. Turner, 304 F.Supp. 559 (D.Utah 1969)."

In Hanger v. United States (8 Cir. 1968), 398 F.2d 91, the court at page 101, quoting from United States v. Grin-

nell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966), said:

"'The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"

In Barry v. Sigler (8 Cir. 1967), 373 F.2d 835, the court at page 836 said:

"'The section [144] is directed to personal bias, which means an attitude of extrajudicial origin. A mere showing of prior judicial exposure to the present parties or questions will not invoke the section.'" (Citing Lyons v. United States (9 Cir. 1963), 325 F.2d 370, 376, cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738. Court held affidavits legally insufficient.)

In Barnes v. United States (9 Cir. 1956), 241 F.2d 252, the court at page 254 said:

"The conduct of the trial judge and his rulings in a former case are not the basis for disqualification here. All of the rulings in former cases, as well as the attitude of the judge, could have been raised upon appeal in such cases. Because a judge has decided one case against a litigant is no reason why he cannot sit in another."

Also, see, Securities & Exchange Commission v. Bartlett (8 Cir. 1970), 422 F.2d 475; Hodgdon v. United States (8 Cir. 1966), 365 F.2d 679; Lyons v. United States (9 Cir. 1963), 325 F.2d 370, cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738.

Each of the cases was filed subsequent to the appointment of the Receiver with orders to proceed to liquidate Arkansas Loan & Thrift, and the cases have been pending for an unusual time. Case No. FS–68–C–37 was filed June 26, 1968; No. FS–68–C–57 was filed August 19, 1968; No. FS–68–C–63 was filed September 3, 1968; No. FS–68–C–66 was filed September 5, 1968; No. FS–69–C–16 was filed February 18, 1969; and No. FS–70–C–15 and No. FS–70–C–16 were filed February 11, 1970.

The Receiver has proceeded with diligence and has collected and remitted to the depositors, including the plaintiffs, 46.889074 percent of their investment in Arkansas Loan and Thrift. The pendency of the suits above referred to are hindering and delaying further collections by the Receiver and delaying the closing of the receivership. A hearing in the pending cases is absolutely necessary for the Receiver to proceed economically and fully discharge his duties as Receiver. In order to obtain said hearing, the Receiver filed a motion for summary judgment or other relief in each of the cases, which motions are set for a hearing before the undersigned Judge on January 11, 1972, at 9:30 a. m.

The Judge, in the administration of the receivership, has conducted many hearings on various questions, as illustrated by Securities and Exchange Commission v. Arkansas Loan & Thrift Corp. (W.D.Ark.1969), 294 F.Supp. 1233, aff'd (8 Cir. 1970) 422 F.2d 475.

It is not necessary in the consideration of the motions before the court at this time to discuss the questions that are involved in the hearings on the motion of the Receiver.

A mere reading of the affidavit of counsel for plaintiffs reveals no facts sufficient to establish a personal bias against the plaintiffs.

"The words 'bias' and 'prejudice' refer to the mental attitude or disposition of the judge toward a party to the litigation, and not to any views that he may entertain regarding the subject matter involved. Bias and prejudice mean a hostile feeling or spirit of ill will against one of the litigants, or undue friendship or favoritism toward one. Therefore, the bias and prejudice necessary to disqualify a judge is bias and prejudice against the party moving for disqualification or in favor of any opposite party in the suit." 46 Am.Jur.2d, § 167, p. 198.

The plaintiffs, as depositors, filed their claims, and it is difficult for the Judge to understand how the allegation of bias and prejudice could be made when the administration of the receivership has resulted in the plaintiffs' receiving exactly the same percentage of their deposits that all other depositors have received.

■ The court is convinced that good administration requires that the receivership be closed as soon as possible, and in order to do that it is necessary that a hearing be held on the motions of the Receiver. In passing upon a motion to disqualify a judge, the judge must accept facts alleged in the affidavit in support of the motion, but it is his duty to pass upon the legal sufficiency of the facts alleged in the affidavit. There are no statements of fact in the motions, only conclusions of the affiant speaking for the plaintiffs.

In Willenbring v. United States (9 Cir. 1962), 306 F.2d 944, 946, the court quoted from Johnson v. United States (D.C.W.D.Wash.1929), 35 F.2d 355, 357, as follows:

> "'To avoid abuses, the law requires that the affidavit be of legal sufficiency. That is, that the charge be of *personal* bias or prejudice, that the facts and reasons for the charge be set out and give fair support to the accusation, and that upon its face the affidavit presents evidence of good faith.'"

The Willenbring case has been cited and followed with approval by many other courts. See, Morrison v. United States (N.D.Texas 1969), 321 F.Supp. 286; United States v. Devlin (D.Conn.1968), 284 F.Supp. 477; United States v. Jackson (9 Cir. 1970), 430 F.2d 1113; Grimes v. United States (9 Cir. 1968), 396 F.2d 331.

■ It is clear that the supporting affidavit of the motion to disqualify is not legally sufficient because it does not reflect the statutory required personal bias. Therefore, the motions of plaintiffs are denied and overruled.