**INVESTORS THRIFT CORPORATION, an Arkansas corporation, Plaintiff,**

v.

**Sam SEXTON, Jr., et al., Defendants.**

**No. FS-68-C-47.**

United States District Court, W. D. Arkansas, Fort Smith, Division.

Sept. 20, 1972.

William M. Stocks, Fort Smith, Ark., for plaintiff.

Sam Sexton, Jr., Fort Smith, Ark., Philip S. Anderson, of Wright, Lindsey & Jennings, Little Rock, Ark., Don A. Smith, of Harper, Young & Smith, Fort Smith, Ark., for defendants.

## OPINION

JOHN E. MILLER, Senior District Judge.

On September 7, 1972, the court by order set this case for trial to a jury beginning Tuesday, October 24, 1972, at 9:30 a. m. Prior to the entry of the above order, the plaintiff, Investors Thrift Corporation, on August 23, 1972, filed a motion to reassign the case and transfer the same to the calendar of Honorable Paul X Williams for further proceedings. In the motion it was stated that it "is directed at the sound discretion of this court in promoting confidence in our judicial system." On the same day the motion to reassign and transfer was filed, the court entered an order denying the motion, and in the letter opinion the court, after reviewing to some extent the litigation between the plaintiff, its stockholders and various other defendants, stated:

"Throughout the entire litigation above referred to, which has been time consuming and expensive, the court has undertaken to consider ev-

ery contention made by every party in an effort to reach a just conclusion regardless of the consequences, and the court does not feel that it is biased or prejudiced in any manner, and there appears to be no legal reason why the court should not continue in the trial of the lone remaining case now pending."

On September 11, 1972, the plaintiff filed a motion and memorandum for disqualification of Judge, to which was attached Exhibit A, an affidavit allegedly executed by Andy DeHaan and Ilo Vanderboom, President and Secretary, respectively, of plaintiff corporation, and by William M. Stocks, attorney for plaintiff. The affidavit in full is attached hereto as Appendix 1.

Before analyzing and discussing the affidavit, the court feels that it would be helpful to briefly review the litigation engendered by the unfortunate investments of the South Dakota investors, who are the stockholders of the plaintiff corporation. They first appeared in this court in response to a complaint that was filed by the City National Bank of Fort Smith against them, praying for judgment in various sums for the amount due on promissory notes executed by the investors for borrowed money. Five such suits were filed by the bank in this court and one in the State Circuit Court. The cases filed here were later consolidated for trial. See, City National Bank v. Vanderboom, D.C., 290 F.Supp. 592.

Subsequent to the commencement of the actions above referred to by the bank, it filed an additional complaint against all of the defendants and others to enjoin and restrain the parties from proceeding with Case No. 67–871 filed by them in the Circuit Court, County of Minnehaha, State of South Dakota. The court, after a full hearing, issued a preliminary injunction enjoining the parties from prosecuting said suit in the South Dakota court. Later, the investors dismissed the South Dakota case and filed their separate answers and counter-

claims in each of the suits that had been filed by plaintiff and were pending in this court. In the counterclaims the investors alleged that at the time of and subsequent to the execution of the notes, James S. Hall, Vice President and agent of the plaintiff bank, in conjunction with others worked out a scheme or method of fraudulent misrepresentations whereby the defendants and counterclaimants would use personal funds and funds obtained from the plaintiff bank for the ultimate purchase of all the stock of an Arkansas corporation, American Home Builders, Inc., which was represented by Hall and others, to be a well managed, solvent corporation, when in fact at the time of these misrepresentations and at the time of the execution of the notes in question, the said American Home Builders was insolvent.

On August 13, 1968, the defendants dispensed with their original attorneys and employed their present attorney, and filed amended counterclaims which supplemented and enlarged the allegations contained in the original counterclaims. The plaintiff bank filed its motion for summary judgment in each of the cases, and on September 27, 1968, the court filed its opinion granting each motion of the bank for summary and separate judgment against each of the individuals for the amounts due on the promissory notes executed by them.

The case was appealed to the Court of Appeals for the Eighth Circuit, which court on February 20, 1970, filed its opinion affirming the judgment of the trial court, 8 Cir., 422 F.2d 221.

On July 18, 1968, plaintiff, Investors, commenced this action against Sam Sexton, et al., including the City National Bank seeking judgment against each of the defendants for alleged fraud. The complaint contained 32 numbered paragraphs and 13 pages. It contained only one count, but stated two causes of action: one, a common law action for fraud and deceit, and the other a federal cause of action. The defendants in due time filed motions for summary judg-

ment, and on January 24, 1969, the court filed its opinion, and in accordance therewith the alleged common law cause of action was dismissed for lack of jurisdiction. There was no diversity of citizenship, and the court held that the doctrine of pendent jurisdiction did not apply.

The federal cause of action, based upon § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A., § 78j(b), § 17(a) of the Securities Act of 1933, 15 U.S.C.A., § 77q(a), and Rule 10b–5 of the Rules and Regulations of the Securities and Exchange Commission, was dismissed on the ground that it was barred by the statute of limitations contained in the Uniform Securities Act of Arkansas, Ark.Stat.Ann., §§ 67–1235 to 67–1262, Vanderboom v. Sexton, D.C., 294 F.Supp. 1178. The case was appealed, 8 Cir., 422 F.2d 1233, and the judgment of the trial court dismissing the alleged common law claim was reversed and remanded for a new trial on that particular claim. The judgment of the trial court holding that the statute of limitations of Arkansas applied to the federal claim was affirmed, but the case was remanded with instructions to proceed to determine when the appellants obtained knowledge of the alleged fraud. In accordance with the judgment of the Court of Appeals, the case was retried to a jury, which found that the federal claim was barred by the statute of limitations, and the court on its own motion dismissed the common law cause of action. There was an appeal, and the Court of Appeals in its opinion, 8 Cir., 460 F.2d 362, referred to the various trials, decisions and appeals growing out of the controversy, and summarized its holdings as follows:

"1. The court properly determined that the individual investors (all plaintiffs except ITC) should be dismissed as plaintiffs and such determination by the trial court is affirmed.

"2. The judgment dismissing the plaintiffs' claim based upon the Federal Securities Act as barred by the statute of limitations is affirmed.

"3. The dismissal of the common law fraud action as against Telecom Corporation and Diamond 'G' Ranch, Inc., on the basis of their motions for directed verdict is affirmed.

"4. The judgment dismissing the common law fraud claim of ITC as to the defendants Sexton, Hall and Gatlin is reversed and the case is remanded to the trial court for a new trial on the common law fraud issue as to the defendants Sexton, Hall and Gatlin."

As heretofore stated, the case is now set for trial on the common law fraud issue against the defendants, Sexton, Hall and the Executrix of Gatlin. The motion of plaintiff for disqualification of the Judge is based on 28 U.S.C.A., § 144. It was timely filed, but in no other respect does the motion meet the requirements of the statute and the many decisions of the courts.

Only one affidavit, allegedly signed by Andy DeHaan and Ilo Vanderboom, together with William M. Stocks, was submitted. It is noted that the statement of DeHaan and Vanderboom is based upon "their best knowledge and belief," and that the statement of Stocks is based upon his personal knowledge.

In numbered paragraph (1), Mr. Stocks states that the Judge "is personally biased and/or prejudiced' either against the plaintiff or in favor of the defendants, and therefore should be disqualified from hearing this action."

In numbered paragraph (2), Mr. Stocks purports to set forth the facts and reasons for his belief that the Judge is biased or prejudiced. An examination of subparagraphs a, b, c, d, e, f and g reveals that they are patently insufficient, and not in accordance with the requirements of the statute and the many decisions.

In paragraph (4) of the affidavit, Mr. Stocks states that the Judge has related outside of the court house, in nonjudicial settings, the manner in which he justifies his own initial decisions which have been reversed by the Court of Appeals for the Eighth Circuit "through judicial

acts, comments, continuances and commission of reversible error for so long that the party succeeding in the Eighth Circuit Court of Appeals must as a practical matter give up and surrender."

In paragraph 5 the affiant states:

"The comments of the Judge outside the Courtroom and outside of judicial proceedings expressing personal bias and prejudice concerning the merits of this action, together with his past actions in this case, all coupled with his humorous boasting outside the Courtroom in non judicial circumstances of the manner in which he avoids the substance of the rulings of the Court of Appeals reversing his earlier decisions impels the plaintiff and counsel for the plaintiff to an abiding conviction that plaintiff will not have a fair and impartial trial before a jury in this case and the Honorable John E. Miller should disqualify himself from further participation in this case, based on his actions and his expressions of prejudice outside the Courtroom and in non judicial circumstances to insure that justice is done according to law and not denied because of the bias of one honorable man."

Paragraph 6 is as follows:

"This Affidavit has been delayed in being filed to this moment because of the hope of counsel and his clients that the Judge's attitude would correct itself and they receive a fair and impartial trial. However, from the accumulation of events, counsel and his clients are now convinced that the bias and prejudice of the Court is incorrectible except by his disqualification."

In Knoll v. Socony Mobil Oil Co. (10 Cir. 1966), 369 F.2d 425, the court at page 430 said:

"A basic assumption in activating the disqualification machinery is that the affidavit shall be sufficient. In order for the affidavit to be sufficient it must contain something more than conclusions. Facts showing the existence of personal bias and prejudice on the part of the judge are essential. Thus, it is not sufficient to show that there exists a prejudice or bias based on the judge's previously expressed view of the law. The fact that a judge has decided a previous case against a litigant is also insufficient. Moreover, the fact that the judge has made adverse rulings against the party during litigation is insufficient."

United States v. Beneke (8 Cir. 1971) 449 F.2d 1259, was a case in which the trial judge had sentenced the affiant for contempt during an earlier Selective Service criminal trial at which Beneke was a spectator. The court, at page 1260, in the consideration of the contempt of the affiant, said:

"This contention is without merit since the bias or prejudice alleged did not stem from an extrajudicial source, but rather from what the judge learned in his judicial capacity. 28 U.S.C. § 144 requires that the bias necessary to disqualify must 'stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) (7–2)."

In United States v. Anderson (8 Cir. 1970), 433 F.2d 856, the court, beginning at page 859, said:

"An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge. Brotherhood of Loc. Fire. & Eng. v. Bangor & Aroostook R. Co., 127 U.S.App.D.C. 23, 380 F.2d 570, cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 461 (1967). See also, Scott v. Beams, 122 F.2d 777 (10th Cir. 1941), cert. denied, [Brady v. Beams] 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1208 (1942); United States v.

Hanrahan, 248 F.Supp. 471 (D.D.C. 1965).

"Measured against the statutory requirements, we find the affidavit insufficient. First, the major thrust of the affidavit is that the trial court showed bias in its ruling on the constitutionality of the Federal Reserve System. The law is that a court's ruling on a question of law does not show the personal bias required for disqualification. Knoll v. Socony Mobil Oil Company, 369 F.2d 425 (10th Cir. 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138, reh. denied, 386 U.S. 1043, 87 S.Ct. 1490, 18 L.Ed.2d 618 (1967); Riojas v. Turner, 304 F.Supp. 559 (D.Utah 1969). Second, the affidavit sets out conclusory allegations that the trial judge has a 'deep, abiding and lasting prejudice against the Constitution of the United States and a bias in favor of those subversives advocating the overthrow of the Constitutions of the United States and of the State of Minnesota.' Such allegations clearly do not meet the requirement that the affidavit 'allege specific facts and not mere conclusions or generalities.' Brotherhood of Loc. Fire. & Eng. v. Bangor & Aroostook R. Co., supra. Third, the affidavit is deficient in its reliance, for a showing of prejudice, upon an incident which occurred at a pretrial conference after the case had been assigned. Allegedly, the presiding judge made comments showing bias. This incident cannot be a basis for disqualification. The court's demeanor and rulings in earlier phases of the same case may provide a basis for a claim of error, but they do not provide a basis for disqualification. Botts v. United States, 413 F.2d 41 (9th Cir. 1969). Bias and prejudice must stem from some extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case. United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

"We hold, therefore, that the affidavit was fatally defective. When an affidavit does not meet the requirements imposed by law, the judge has an obligation not to disqualify himself. United States v. Tropiano, 418 F.2d 1069 (2nd Cir. 1969), cert. denied, 397 U.S. 1021, 90 S.Ct. 1262, 25 L.Ed.2d 530 (1970); United States v. Hoffa, [382 F.2d 856 (6th Cir. 1967)] supra. Thus, the trial judge's retention of the case was not error."

■ The court has commented on certain portions of the statements contained in the affidavit and is of the opinion that the affidavit contains only conclusory allegations that the Judge has a personal bias or prejudice against not only the parties but the attorney. The only acts complained of was because of the errors that the trial court made in the extensive litigation heretofore referred to. The fact that the trial court was reversed on two questions does not establish personal bias.

■■ On January 5, 1972, the court has occasion to consider a motion for disqualification and the opinion rendered by the court in that case, Etheridge, et al., v. Arkansas Loan & Thrift Corporation (W.D.Ark.1972), 347 F. Supp. 1023, contains excerpts and citations from a great many cases wherein the sufficiency of an affidavit for disqualification was considered. The affidavit filed here does not reflect the statutorily required personal bias. In such a case a Judge may not disqualify himself even if so inclined for the law is that the Judge has the same obligation not to disqualify himself where the showing is not legally sufficient as he has to disqualify himself where the showing is legally sufficient. Here the showing was not legally sufficient, and the motion to disqualify the Judge should be overruled.

An order in accordance herewith is being entered today.

APPENDIX

AFFIDAVIT

STATE OF ARKANSAS ⎫
COUNTY OF SEBASTIAN ⎬ ss

The undersigned, Andy DeHann and Ilo Vanderboom, President and Secretary respectively of Investors Thrift Corporation, and William M. Stocks, attorney in fact for Investors Thrift Corporation, and attorney at law of record for Investors Thrift Corporation in this cause, hereby jointly state on oath, based upon their best information and belief, and William M. Stocks, as to personal knowledge, as follows:

1. The trial judge of this case, the Honorable John E. Miller, is personally biased and/or prejudiced either against the plaintiffs or in favor of the defendants, and therefore should be disqualified from hearing this action.

2. The facts and reasons for our belief in the bias and/or prejudice are as follows:

a. The Judge on his own motion dismissed that part of the Complaint which is sounded in common law fraud. It is our information and belief that the Judge before entering the order of dismissal informed his law clerk that he intended to dismiss the cause and instructed the law clerk to find some basis for the decision.

b. The Judge has prejudiced the merits of the cause of action. He has stated on more than one occasion that the plaintiffs have sued the wrong party and expressed his opinion that the parties actually sued are not responsible to the plaintiffs.

c. The Judge having decided that the persons sued were not the responsible parties, has undertaken to dismiss the action against those parties without a plenary trial. After the Court's original dismissal of the cause of action was reversed by the 8th Circuit Court of Appeals with instructions that a plenary trial be held, the Judge indicated by his actions and stated in so many words that the action should nonetheless be dismissed on motion based on the Statute of Limitations, and in fact entertained at lengthy hearings, several presentations by the defendants of Motions for Summary Judgments.

d. It is our information and belief that the Judge has met ex parte with the attorneys for the defendants to advise them how they might proceed to obtain summary judgment even though the Circuit Court of Appeals had remanded the case for a plenary trial.

e. The Judge in effect conceded that he deliberately set out to find a method to dismiss the Complaint when he stated in the presence of this counsel for the plaintiff that the idea of dismissing the case based on the two years Statute of Limitations came to him while he was lying awake in bed one night.

f. On April 15, 1971, counsel for plaintiff filed a motion in this cause pursuant to Rule 34 of the Federal Rules of Civil Procedure for an order requiring TeleCom Corporation, a former party defendant to this action, to produce for inspection and copying certain specified documents, papers and letters which are material and relevant to the claims of plaintiff in this action on April 22, 1971, at the law offices of TeleCom Corporation in Austin, Texas. Even though specifically requested to do so, and in the absence of the filing of any response by the defendants, the Judge has refused to timely rule for or against the motion and has admitted telephoning Thomas Harper, the senior partner of the law firm representing several of the defendants for his views on the motion immediately upon its receipt.

g. Other lawyers familiar with this case practicing before this Court have expressed the opinion that the Judge in this case is out to "sting" the plaintiffs in this case, and the plaintiffs cannot expect a fair trial.

3. At the outset and during the entire week long trial of this cause before a jury in 1971, the Honorable Judge Miller stated to counsel for the plaintiff

that he was going to submit the Rule 10b–5 statute of limitations issue to the jury by interrogatory first, which he did, and that if the jury found the 10b–5 claim was barred by the statute, he would submit the fraud claim to the jury so that the case would be completely disposed of by the same jury with one trial, which he did not do.

4. The Honorable Judge Miller has related outside the Court House in non judicial settings on several occasions the manner in which he justifies his own initial decisions which have been reversed by the Court of Appeals for the 8th Circuit through judicial acts, comments, continuances and commission of reversible error for so long that the party succeeding in the 8th Circuit Court of Appeals must as a practical matter give up and surrender.

5. The present trial court in this case has now been reversed twice by the Court of Appeals. The comments of the Judge outside the Courtroom and outside of judicial proceedings expressing personal bias and prejudice concerning the merits of this action, together with his past actions in this case, all coupled with his humorous boasting outside the Courtroom in non judicial circumstances of the manner in which he avoids the substance of the rulings of the Court of Appeals reversing his earlier decisions impels the plaintiff and counsel for the plaintiff to an abiding conviction that plaintiff will not have a fair and impartial trial before a jury in this case and the Honorable John E. Miller should disqualify himself from further participation in this case, based on his actions and his expressions of prejudice outside the Courtroom and in non judicial circumstances to insure that justice is done according to law and not denied because of the bias of one honorable man.

6. This Affidavit has been delayed in being filed to this moment because of the hope of counsel and his clients that the Judge's attitude would correct itself and they receive a fair and impartial trial. However, from the accumulation of events, counsel and his clients are now convinced that the bias and prejudice of the Court is incorrectable except by his disqualification.

7. This Affidavit is made in good faith and in a genuine desire for a fair and impartial proceedings in this cause for all parties with great respect for the distinguished record of the Honorable Judge John E. Miller.

INVESTORS THRIFT CORPORATION
(an Arkansas Corporation)

(s) By   Andy DeHaan
President

ATTEST:

(s) Ilo Vanderboom
Secretary

(s) William M. Stocks
William M. Stocks, Attorney-in-Fact and Attorney at Law

Subscribed and sworn to before me this 31 day of July, 1972.

(s) Mary Virginia Ricketts
Notary Public

My Commission Expires:
January 25, 1976