UNITED STATES of America,
Plaintiff–Appellee,

v.

Rogelio ALCANTARA–RUEDA,
Defendant–Appellant.

No. 03–50103.
D.C. No. CR–02–02807–GT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 14, 2003.

Stephen R. Cook, San Diego, CA, for Plaintiff–Appellee.

Kasha Pollreisz, Fed. Public Defender, San Diego, CA, for Defendant–Appellant.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Rogelio Alcantara–Rueda appeals his sentence after a guilty plea to a charge of assaulting a federal officer. *See* 18 U.S.C. § 111. We vacate the sentence and remand.

■ (1) Alcantara first claims that his sentence must be set aside because the district judge had an ex parte communication about the case with an Assistant United States Attorney. We do not agree. Ex parte communications between judges and attorneys are to be frowned upon to say the least. *See United States v. Van Griffin,* 874 F.2d 634, 637 (9th Cir.1989); *United States v. Alverson,* 666 F.2d 341, 348–49 (9th Cir.1982). However, the mere fact that a communication took place does not necessarily demonstrate that the judge's impartiality might reasonably be questioned. *See Willenbring v. United States,* 306 F.2d 944, 946 (9th Cir.1962) (recusal not required). *Cf. United States v. Wolfson,* 634 F.2d 1217, 1221–22 (9th Cir.1980) (communication in question did require recusal); *United States v. Reese,* 775 F.2d 1066, 1076–78 (9th Cir.1985) (same). In this case, while he engaged in an exceedingly poor practice, there is no indication that the judge received information that could, or did, affect the sentence. Thus, he did not abuse his discretion when he refused to recuse himself. *See United States v. Wilkerson,* 208 F.3d 794, 797 (9th Cir.2000).

■ By the same token, Alcantara's Sixth Amendment rights were not violated. Given the nature of the communication in question, we hold that there is no hint that his presence could have made one whit of difference. *See United States v. Wheat,* 813 F.2d 1399, 1404–05 (9th Cir.1987). We note that we have not the slightest reason to doubt that Alcantara has been made aware of the sum total of the ex parte communication, and, thus, there can be no real claim that he has been kept in the dark. *See United States v. Hackett,* 638 F.2d 1179, 1188 (9th Cir.1980); *cf. Guenther v. Commissioner,* 939 F.2d 758, 761 (9th Cir.1991) (we remand where information was not given to the defense); *United States v. Thompson,* 827 F.2d 1254, 1261 (9th Cir.1987) (same).

■ (2) Alcantara then complains that he did not have sufficient notice of the district court's basis for sentencing him pursuant to the aggravated assault guideline. *See* USSG § 2A2.2.[1] We agree. A failure to give notice can require resentencing. *See* USSG § 6A1.3(a); *United States v. Williams,* 291 F.3d 1180, 1192–93 (9th Cir.2002); *United States v. Brady,* 928 F.2d 844, 847 n. 3 (9th Cir.1991); *United States v. Rafferty,* 911 F.2d 227, 230 (9th Cir.1990). The defendant was on notice that the district court was considering a sentence based upon use of a vehicle as a dangerous weapon, but focus was upon use of a single automobile.[2] The flow

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All references to the Sentencing Guidelines are to the November 1, 2002, version.

2. *See United States v. Dayea,* 32 F.3d 1377, 1379 (9th Cir.1994) (a single automobile can be a dangerous weapon).

of traffic on an interstate highway can also be highly dangerous, and there was no dispute over the fact that Alcantara had, indeed, pushed a government officer toward traffic traveling on an interstate highway. Still and all, there are vast factual differences between directing one's automobile at a government officer and pushing an officer into oncoming traffic. Alcantara was entitled to know that the latter was under consideration. Among other things, he and the government could have more particularly explained the facts regarding the pushing, the traffic, and how Alcantara's intoxication fit into those.

VACATED and REMANDED.[3]

BERZON, J., concurring in part and dissenting in part.

I concur in the remainder of the disposition, but not in the conclusion that the district court properly declined to recuse himself after engaging in ex parte communications with the attorney for the government. There was, to my mind, an appearance of impropriety requiring recusal, not because of the content of the conversation between the judge and the government's lawyer but because the judge instigated the conversation at all.

The government had agreed to a sentence of which the district judge evidently disapproved, as evidenced by his later refusal to follow the government's recommendation against use of the aggravated assault guideline. *See* USSG § 2A2.2. The judge's law clerk had called the government lawyer to ascertain which witnesses the government would have available for the sentencing hearing and what they would testify to, and obtained that information. *Then* the district judge got on the line to speak with the government lawyer. By doing so, without any later explanation for the necessity of doing so, the district judge engaged in behavior open to the appearance that he was attempting, through his actions if not his words, to convey his discontent with the government's position and urge the government to take an active role at the sentencing hearing. Otherwise, why did he get on the telephone? It is apparent from the later sentencing hearing that the district judge was indeed annoyed with the government for refusing to put on witnesses itself regarding the aggravated assault guideline.

I would order the district judge recused and remand for a new sentencing hearing before a different judge.

---

3. We see no need, and we decline, to order this matter transferred to a different judge for