Anna KNOLL and Rose Keller,
Appellants,

v.

SOCONY MOBIL OIL COMPANY, Inc.,
a Corporation, et al., Appellees.

No. 8811.

United States Court of Appeals
Tenth Circuit.

Dec. 9, 1966.

Robert Reiter, Washington, D. C., for appellants.

Tom C. Triplett and Richard A. Loyd, Wichita, Kan. (George B. Collins, Robert Martin, K. W. Pringle, Jr., W. F. Schell, Robert M. Collins, William L. Oliver, Jr., William V. Crank, Wichita, Kan., Thomas M. Burns, Peter J. Wall, Denver, Colo., Robert R. Freeman, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher, L. D. Klenda, Charles M. Cline, Stephen M. Blaes, and Jack S. Ramirez, Wichita, Kan., were on the brief), for appellees (except Mobil Oil Corporation).

Donald G. Canuteson, Dallas, Tex., Richard B. Altman, Mark H. Adams, Charles E. Jones, William I. Robinson, J. Ashford Manke, Clifford L. Malone, Mark H. Adams, II, John S. Seeber, Floyd E. Jensen, Robert Hall, Philip L. Bowman, and Joe Rolston, Wichita, Kan., were on the brief), for appellee Mobil Oil Corporation (formerly Socony Mobil Oil Company, Inc.).

Before PHILLIPS and HICKEY, Circuit Judges, and DOYLE, District Judge.

WILLIAM E. DOYLE, District Judge.

This is an appeal from a judgment in consolidated interpleader suits in which the trial court, in determining the right to deposited funds, made findings and conclusions with respect to the ownership of a one-half section of land situated in Graham County, Kansas, the oil and gas leases covering said land, and the proceeds for the sale of oil produced from said land which were on deposit with the clerk of the court. The appellants, Anna Knoll and Rose Keller, seek reversal contending that the lower court lacked federal interpleader jurisdiction; that it erred in its order of distribution of the oil sale proceeds and in proceeding with the trial after the appellants filed affidavits that the judge disqualify himself; that the court erred in failing to appoint counsel to represent appellant Rose Keller; and that the sum total of these actions was a deprivation of due process of law.

Each of the consolidated actions was commenced by Mobil Oil Company pursuant to the interpleader provisions of Title 28 U.S.C. § 1335, as purchaser of oil produced from certain oil and gas leases on the Graham County, Kansas, lands. The complaints alleged that Mobil was the purchaser of crude oil produced from said lands and that the parties named as defendants (who, with the exception of appellants Anna Knoll and Rose Keller, appear on this appeal as appellees along with Mobil) were in dispute over their respective ownership rights to the land and the leases thereunder; that because of these adverse and conflicting claims by the defendants Mobil could not with safety to itself pay or distribute monies due to them from the purchase of crude oil by Mobil. It prayed that the defendants be required to interplead and settle among themselves their respective rights to the monies due, and that they be restrained from instituting any further action against Mobile involving said monies. In conjunction with the filing of the complaints, Mobil deposited the monies due (which exceed $500.00) with the court.

Appellants asserted a counterclaim against Mobil alleging that Mobil had been negligent in the previous distribution of royalties. The trial court dismissed this prior to trial on the basis that Mobil was a mere stakeholder and not

an "opposing party" against appellants and hence a counterclaim filed pursuant to Rule 13, Federal Rules of Civil Procedure, could not be supported.

There was also a pretrial effort on the part of a defendant other than the present appellants to dismiss the interpleader for lack of jurisdiction. Surprisingly, this effort was opposed by the appellants who now question the trial court's jurisdiction. The Court denied this motion holding that as a mere stakeholder the plaintiff's interpleader actions were proper.

The appellants failed to appear at either the pretrial conference or the trial itself. Indeed, they failed to appear at other hearings which involved matters which directly affected them. They did frequently file documents. As the result, however, of their having ignored the proceedings in the trial court, their problems are the more complex in the present review proceeding and we are limited to issues jurisdictional in character.

All of the defendants, with the exception of Anna Knoll and Rose Keller, admitted all the allegations of the complaints. The appellants asserted a larger interest in said properties than was alleged in the complaints, denied the validity of the said oil leases, alleged that Mobil had been negligent in making payments to the defendants for oil purchases in amounts inconsistent with their respective interests in the properties, and further alleged fraud on the part of several of the defendants with respect to certain mesne conveyances of fee simple, mineral and royalty interests in the said properties.

The trial was in a sense a default hearing although evidence was taken and statements of counsel were made into the record. From the evidence taken and the statements made it would appear that the conflict here is of long standing. In the early 1940's the appellants conveyed to Adolph Knoll their interest in certain Kansas lands which later produced oil. Adolph transferred the entire interest to the brother of the appellants, Alex Knoll. In 1959 there was litigation in the United States District Court for the District of Kansas, involving the question whether the conveyance had been in trust. This litigation was finally culminated when an agreement was reached whereby the appellants and other members of the Knoll family were given small royalty interests. That agreement, however, did not settle the dispute and we find the appellants bringing an action in 1964 in the United States District Court for the District of Kansas against their brothers and sisters and Mobil in which they asserted fraud in the settlement agreement and demanded an undivided one-ninth interest in the property. This case was dismissed for failure to join parties. Knoll v. Knoll, 10 Cir. 1965, 350 F.2d 407, cert. denied 383 U.S. 909, 86 S.Ct. 891, 15 L.Ed.2d 664, reh. denied 383 U.S. 973, 86 S.Ct. 1270, 16 L.Ed.2d 313.

At the trial, the judge made rather extensive findings of fact and conclusions of law in which he recognized the prior settlement and decreed a distribution of the funds which had been deposited in the registry of the court.[1] The Court also

---

1. In its journal entry of judgment dated March 25, 1966, the trial judge made findings of fact as follows: (1) That the Probate Court of Graham County, Kansas had, pursuant to a hearing in 1957, determined that each of the nine children of Rosa Knoll had inherited a $\frac{1}{9}$th interest in all property owned by her at her death, subject to any dispositions since that date; (2) That this property, being the property disputed by the defendants named in the interpleader suits filed by Mobil, was subsequently conveyed in fee by eight of the children, in-

cluding Anna Knoll and Rose Keller, to their brother Adolph Knoll on August 4, 1942; (3) That in 1959, three of the children, Anna Knoll, Rose Keller, and Margaret Sluga, brought an action in the United States District Court for the District of Kansas (Civil Action No. W–1811) against Alex Knoll (who, the record shows, received the property by conveyance from Adolph Knoll and his wife in 1950), alleging that they were presently owners of a $\frac{1}{9}$th interest in the property; (4) That the court dismissed this action with prejudice on

permanently enjoined the appellants from ever asserting any title to the property inconsistent with the order and judgment.

## I.

■■ Appellants argue that the trial court lacked jurisdiction to entertain interpleader because, as they maintain, it does not appear that the named defendants had made adverse claims to the fund. A conclusive answer to this is that the present act (Title 28 U.S.C. § 1335) is not limited to adverse claimants who "are claiming," but also includes two or more adverse claimants who "may claim" to be entitled. There must be a real risk of vexatious, conflicting claims [2] but certainly that is present here. In fact, the appellants were engaged in litigation and were asserting similar types of claims at the very time that the present suit was filed.[3]

Appellants assert further that Mobil is not a disinterested stakeholder; that it was a named defendant in the 1964 suit and is "independently liable" to them as evidenced by their counterclaim alleging Mobil's prior negligent distribution.[4]

■ The fact that Mobil was defending litigation at the time the present action was brought does not preclude the court's jurisdiction. Mobil had eschewed any interest in the fund and there is nothing in the record to suggest that Mobil's interest in the fund deposited was or is anything more than a desire to obtain an adjudication as to rightful ownership of the fund. This is precisely the type of situation for which interpleader is designed. See Holcomb v. Aetna Life Insurance Co., 10 Cir. 1955, 228 F.2d 75.

■ The further objection of appellants that Mobil is "independently liable" to them as shown by their counterclaim,

August 31, 1959, on the ground that the parties had reached a settlement agreement on July 29, 1959, whereby Alex Knoll conveyed to each of his brothers and sisters a $\frac{1}{32}$nd of $\frac{1}{8}$th royalty interest in the oil and gas production from the land in return for a deed from the plaintiffs quitclaiming all their interest in the property; (5) That the settlement agreement was not obtained by fraud, as alleged by the appellants; (6) That the appellants could not repudiate this agreement as they purported to have done; (7) That the record title to the property was vested in Alex Knoll subject to a $\frac{1}{32}$nd of $\frac{1}{8}$th royalty interest in the oil and gas production for each of the brothers and sisters, including appellants, and subject to other oil and gas leases of record; (8) That the oil and gas lease given by Alex Knoll to appellee Casey Jones in 1951 was valid, as were the subsequent mesne assignments of leasehold interests by Jones to appellees J. A. Terteling & Sons and J. A. Terteling and Sons, Inc.; (9) That there was no negligence on the part of Casey Jones or his assignees in obtaining the aforementioned leases; and (10) That the affidavit of appellant Rose Keller requesting the trial judge to disqualify himself was not timely filed and did not contain allegations sufficient in fact (or law) to establish his bias or prejudice against the appellants. Based upon these factual findings the trial court overruled appellant Rose Keller's motion seeking disqualification of the trial judge, ordered the proceeds which had been deposited with the court to be distributed in accordance with the interests defined in the July 29, 1959 settlement agreement, and enjoined appellants from "asserting any title in or to the above described property in any manner inconsistent with the terms of this order and judgment."

2. Bierman v. Marcus, 3 Cir. 1957, 246 F. 2d 200.

3. See Knoll v. Knoll, 10 Cir. 1965, 350 F. 2d 407, cert. denied 383 U.S. 909, 86 S. Ct. 891, 15 L.Ed.2d 664, reh. denied 383 U.S. 973, 86 S.Ct. 1270, 16 L.Ed.2d 313.

4. In the trial court's pre-trial order it is noted that upon filing its complaints, Mobil deposited with the court $\frac{8}{8}$ths of the proceeds lawfully held by it covering oil production from July 1, 1964, to the date of the complaints, together with proceeds attributable to the suspended interests of Anna Knoll and Rose Keller from the date of first oil production until July 1, 1964. Appellants' counterclaim, contained in their answers to the complaint, alleged negligence by Mobil in distributing proceeds to the other claimants prior to July 1, 1964, and in suspending payments to the appellants.

is also without merit. The previous decisions of this Court preclude a holding that the existence of a prior independent liability defeats jurisdiction in an interpleader suit. Thus, in First National Bank in Dodge City v. Johnson County National Bank & Trust Co., 10 Cir. 1964, 331 F.2d 325, an effort to file a counterclaim was made by one in a position identical to that of the appellants. The holding was that Rule 13, Federal Rules of Civil Procedure, precludes the filing of a counterclaim against one who asserts no primary claim against the "counterclaimant."

In a more recent decision, Erie Bank v. United States District Court for the District of Colorado, 10 Cir.1966, 362 F.2d 539, the Court went even further. It held that a court in an interpleader suit in which plaintiff asserts no claim to the deposited fund, lacks jurisdiction to proceed with the counterclaim and must dismiss it. In that case it was said:

"The motion to dismiss the counterclaim, filed in the action below by the bank, goes to the jurisdiction of the court to further proceed as to the counterclaim. This court, in First National Bank in Dodge City v. The Johnson County National Bank and Trust Co., etc., et al., 10 Cir., 331 F.2d 325, held that in an interpleader suit, where the plaintiff asserts no claim to the interpleaded fund, a counterclaim cannot be asserted by one of the claimants to the fund against the plaintiff because they are not 'opposing parties' within the meaning of Rule 13, F.R.Civ.P. The facts presented here fall squarely within that decision and the bank's motion to dismiss the counterclaim should have been granted." [5]

We read this as holding that in an interpleader suit wherein the plaintiff asserts no claim to the funds deposited, the Court lacks *jurisdiction* to hear a "counterclaim". A necessary corollary of this holding is that the existence of alleged "independent liability" will not defeat interpleader jurisdiction. It follows that appellants' contention that the trial court lacked interpleader jurisdiction based on possible existence of independent liability is wholly without merit.

## II.

A related jurisdictional issue is whether the trial court erred in enjoining appellants from asserting any title in or to the "above described property" in any manner inconsistent with the terms of its order and judgment. This was an *in personam* exercise of jurisdiction. In an interpleader action, however, *in personam* jurisdiction extends only to the fund deposited with the court.[6] Since the trial court was limited to disposition of the *res*, we must hold that the court lacked jurisdiction to enter this order. The injunctive order was, therefore, void. In so holding we do not suggest that any claim which appellants may assert in the future has any merit. Indeed, the sad fact seems to be that appellants' case is devoid of any substantial promise.

## III.

On February 16, 1966, the appellant Rose Keller filed an affidavit seeking the disqualification of the trial judge. In it there are various general references to the judge's previous rulings in other cases involving the appellants. Other than that it consists of a repetition of conclusions that the trial judge was biased against these two appellants. There are no facts other than the mentioned proceedings and rulings.

On February 25, 1966, a hearing was held and the appellants did not even appear. A transcript of this proceeding shows that the trial judge was concerned about the affidavit of prejudice, but at the time no other judge was available in the district to consider it. The Court did not rule on

---

5. Erie Bank was decided after the case at bar was docketed in this Court. Thus neither the trial court nor counsel in this case were aware of it.

6. See Metropolitan Life Insurance Company v. Enright, S.D.Calif.1964, 231 F.Supp. 275; Consolidated Underwriters of South Carolina Ins. Co. v. Bradshaw, W.D.Ark.1955, 136 F.Supp. 395.

the disqualification request at that time, but continued the matter in order to ascertain whether the appellants would appear. The Court stated that if they did appear he would attempt to obtain the services of another judge within the district. On the appointed day, that is, February 28, the appellants were not present and on that occasion the court concluded that the affidavit was neither timely nor sufficient, and denied it.

The statute provides that when a timely and sufficient affidavit is filed the judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.[7] There is also a requirement that the affidavit be filed not less than ten days before the term at which the proceeding is to be heard. This has been held to be a matter of substance and not merely one of form.[8]

A basic assumption in activating the disqualification machinery is that the affidavit shall be sufficient. In order for the affidavit to be sufficient it must contain something more than conclusions. Facts showing the existence of personal bias and prejudice on the part of the judge are essential.[9] Thus, it is not sufficient to show that there exists a prejudice or bias based on the judge's previously expressed view of the law.[10] The fact that a judge has decided a previous case against a litigant is also insufficient.[11] Moreover, the fact that the judge has made adverse rulings against the party during litigation is insufficient.[12]

In denying appellants' motion the trial court noted that it did not have terms of court, but concluded that a motion filed after the case was set for trial was not timely within the meaning of the statute. An order setting the case for trial had been entered on January 12, 1966; the trial date was February 28, 1966. The affidavit was not filed until February 16, 1966.

We conclude that the court was correct in ruling that this request was untimely made. We must also conclude that the affidavit was insufficient—it lacked facts having the tendency to show personal bias and prejudice. The various references to previous rulings do not show personal prejudice or bias. The affidavit being replete with arguments and conclusions was palpably insufficient. The trial judge was as competent to conclude this as another judge would have been.

### IV.

Finally, it is urged that the Court should have appointed counsel to represent appellants in view of their showing of inability to employ counsel notwithstanding efforts made in eleven different counties in Kansas as well as in other states. They refer to a statute, 28 U.S.C. § 1915(d) which relates to proceedings in forma pauperis, and provides that the court may *request* an attorney to represent any such person unable to employ counsel. By the terms of this section the Court is not required to assign counsel. The Court may request an attorney, but the appointment of counsel in a civil case is a privilege and not a right.[13] The position of appellants is that the Court is required to note the plight of the appellants and to proceed on

7. 28 U.S.C. § 144.

8. United States v. Gilboy, M.D.Pa.1958, 162 F.Supp. 384, 390; In re Union Leader Corp., 1 Cir. 1961, 292 F.2d 381, cert. denied 368 U.S. 927, 82 S.Ct. 361, 7 L. Ed.2d 190.

9. Inland Freight Lines v. United States, 10 Cir. 1953, 202 F.2d 169, 171.

10. Knapp v. Kinsey, 6 Cir. 1956, 232 F.2d 458, reh. denied 235 F.2d 129, cert. denied 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86.

11. Barnes v. United States, 9 Cir. 1956, 241 F.2d 252.

12. Martin v. United States, 10 Cir. 1960, 285 F.2d 150, cert. denied 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816, reh. denied 366 U.S. 915, 81 S.Ct. 1088, 6 L.Ed.2d 239.

13. United States ex rel. Gardner v. Madden, 9 Cir. 1965, 352 F.2d 792.

his own motion to appoint counsel to represent them. We conclude that he was not under the circumstances here presented required to take such action.

Appellants at last argue that there has been a deprivation of constitutional rights, especially in connection with the retention of appellants' distributive share as a supersedeas bond. We discern no error in this action nor in any of the other acts of the trial court in relationship to these parties. On the contrary, every effort was made to extend to the appellants the opportunity to present their arguments and contentions and they chose to forego all of these opportunities. They were content to write letters and file documents, and then appeal.

We have carefully examined the entire record herein and have been unable to discover any justifiable basis for reversal other than the one injunctive order.

The judgment of the District Court is affirmed, with the exception of the order enjoining appellants from further litigation. It is ordered that this part of the judgment be vacated.