**Charles Curtis HARRIS, Petitioner,**

v.

**S. J. BRITTON, Warden, Leavenworth Federal Prison, Respondent.**

**Civ. No. 73-307.**

United States District Court,
W. D. Oklahoma,
Civil Division.

May 21, 1973.

Charles Curtis Harris, pro se.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

D'AUGHERTY, Chief Judge.

It appears that on May 10, 1973, the undersigned Judge of the United States District Court for the Western District of Oklahoma entered an order herein dismissing the "Petition for Writ of Habeas Corpus" filed by the above-named petitioner, and that there was at that time pending and undisposed of a Motion to Disqualify the undersigned judge. The motion was then and is now

without merit. It is legally insufficient to meet the requirements imposed by 28 U.S.C.A. § 144.

■■ It is the duty of the judge, to whom such motion is directed, to determine the legal sufficiency of the affidavit to charge personal prejudice and bias. In doing so, he must accept as true the facts therein set forth and if the affidavit is legally sufficient the judge to whom it is addressed may proceed no further. Scott v. Beams, 122 F. 2d 777 (CA10 1941), cert denied 315 U. S. 809, 62 S.Ct. 794, 86 L.Ed. 1208, and see Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). However, if the statutory requirements are not satisfied, it is the duty of the judge to refuse to disqualify himself. As stated in In re: Union Leader Corporation, 292 F.2d 381, 391 (CA1 1961):

"There is as much an obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is."

■ The statute provides that the bias sufficient to disqualify must be "personal". The rule is that:

"To sustain disqualification the bias and prejudice must arise from an 'extrajudicial source' and result in an opinion 'on some basis other than what the judge learned from his participation in the case.' United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778."

Davis v. Cities Service Oil Company, 420 F.2d 1278, 1282 (CA10 1970). As in that case, so here, all of the complaints of the petitioner have their origin in judicial proceedings and the action of the court was on the record made in those proceedings.

■ Ground numbered 1 is a mere conclusion of bias and prejudice. The affidavit must state facts and not conclusions. Inland Freight Lines v. United States, 202 F.2d 169 (CA10 1953).

■ Grounds numbered 2, 3, 4, and 5 are simply complaints and conclusions concerning prior rulings of the court un-

**530**

favorable to the petitioner. Ground 2 pertains to the manner in which the court conducted the petitioner's trial and the subsequent grounds relate to petitioner's post conviction proceedings in which the court on one occasion utilized written interrogatories in lieu of personal appearances at a hearing and otherwise found that the allegations of the petitioner in the particular cause did not require an evidentiary hearing. As stated in Palmer v. United States, 249 F.2d 8, 9 (CA10 1957):

> "The allegations in petitioner's affidavit are but complaint of adverse rulings made by the court and subjective conclusions as to the court's motive and manner in conducting the trial and subsequent proceedings. Such claims do not meet the requirements of 28 U.S.C.A. § 144."

The fact that a judge has made adverse rulings against a party is insufficient to disqualify him. Knoll v. Socony Mobil Oil Company, 369 F.2d 425 (CA10 1966). There is nothing wrong with the trial judge in a criminal case hearing a subsequent § 2255 proceeding. Dukes v. United States, 407 F.2d 863 (CA9 1969). It may also be noted that these instances of alleged prejudicial conduct on the part of the trial judge have previously been presented to the Court of Appeals for the Tenth Circuit on direct appeal and twice in appeals from his rulings in the post conviction proceedings. The trial court has been affirmed in each instance.

■ It should also be pointed out that since the judge against whom the affidavit is filed is precluded from passing on the good faith of the petitioner, the statute requires counsel of record to attest to that good faith in order to protect against an obviously untruthful affidavit. Here although the petitioner Harris has no counsel of record in this proceeding, it would appear that his failure to attach the certificate of his counsel of record in the original trial (CR–68–48) rendered the affidavit in-

sufficient. See Boyance v. United States, 275 F.Supp. 772 (E.D.Pa.1967).

In summary the allegations of the petitioner's affidavit reflect a discontented litigant who seeks to oust a judge because he is displeased with the action of the court in prior proceedings. This is not the purpose of this statute. See Ex parte American Steel Barrel Company, 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913). Accordingly, the petitioner's Motion to Disqualify will be dismissed.

It is so ordered.