Jim Wesley DAVIS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 75–275–C.

United States District Court,
E. D. Oklahoma.

Oct. 30, 1975.

Benjamin R. Loye, Barry A. Hudson, Wheat Ridge, Colo., for petitioner.

Richard A. Pyle, U. S. Atty., Muskogee, Okl., for respondent.

## ORDER

DAUGHERTY, District Judge.

Petitioner was found guilty by a jury verdict on August 3, 1973 of bank robbery in which the life of an employee was put in jeopardy by the use of firearms in violation of 18 U.S.C. § 2113(a) and (d). Petitioner was sentenced to the custody of the Attorney General for a period of twenty-five years pursuant to said conviction. Petitioner's conviction was affirmed on appeal by the United States Court of Appeals for the Tenth Circuit in an unpublished opinion of July 31, 1974. Petitioner's Writ for Petition of Certiorari filed with the United States Supreme Court was denied December 9, 1974. Petitioner thereafter requested a reduction in his sentence which request was denied by this Court on March 7, 1975. Thereafter, Petitioner filed a letter with the Clerk of this Court in which he asserted he should have been sentenced under the Federal Youth Corrections Act, (Y.C.A.) 18 U.S.C. §§ 5005 et seq. On April 17, 1975, this Court entered an Order finding that Petitioner at time of conviction was not a "youth offender" as defined in 18 U.S.C. § 5006(e) as he was over twenty-two years of age and that as a "young adult offender"

under 18 U.S.C. § 4209 the Court was not required to make a finding that Petitioner would not derive benefit from treatment under the Y.C.A. Petitioner filed a Notice of Appeal from said Order on April 24, 1975 and on May 2, 1975, this Court entered an Order denying Petitioner leave to appeal in forma pauperis. It does not appear that said Appeal has been perfected and said Order has been allowed to become final.

The instant action in the form of a Motion to Vacate Sentence Pursuant to 28 U.S.C. Section 2255 was filed on October 2, 1975. Said Motion which is supported by a Memorandum Brief raises two issues: (1) The Court was required to make a finding that Petitioner would not benefit from the Youth Corrections Act prior to imposition of sentence; and (2) That the sentence imposed constitutes cruel and unusual punishment in violation of Petitioner's rights under the Eighth Amendment to the United States Constitution.

Petitioner has also filed an Affidavit of Personal Bias or Prejudice in which he alleged the undersigned Judge has a personal bias or prejudice against him. Said Affidavit which is accompanied by a Certificate of Counsel appears to be made pursuant to 28 U.S.C. § 144. To said Affidavit Petitioner has attached a letter by the Court dated March 7, 1975 in which Petitioner's request for reduction of his sentence was denied. Petitioner asserts that the reasons stated by the Court in said letter for denying the requested reduction constitute a showing of personal bias on the part of the undersigned Judge. In this regard, Petitioner contends the Court commented in said letter on the fact that no restitution has been made of the money taken in the bank robbery and that this is an indication that the undersigned Judge would not act favorably on the instant Motion unless restitution is made. Petitioner also contends that the Court's statement in the letter that he believes Petitioner's testimony at the time of trial was perjurious by reason of his denying commission of the bank robbery and later admitting same indicates the Court has formed an adverse opinion of Petition-

er. Petitioner also complains that the Court took notice that an alibi witness produced by Petitioner at the time of the trial was later convicted of perjury for said testimony and that this statement contained in the Court's letter of March 7, 1975 indicates that the Court would allow the perjury conviction of Petitioner's alibi witness in a trial in which Petitioner was not a Defendant to reflect on the merits of Petitioner's Motion.

This case, although an independent civil action, has been assigned to the undersigned Judge pursuant to the provisions of 28 U.S.C. § 2255 as the Judge who imposed the sentence under attack. In *Martin v. United States,* 273 F.2d 775 (Tenth Cir. 1960) the Court stated:

"The court which heard the case and gave judgment thereon should have the opportunity and responsibility of hearing and determining attacks against the judgment."

See also *Wrone v. United States,* 367 F.2d 169 (Tenth Cir. 1966).

28 U.S.C. § 144 provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The affidavit filed herein is timely filed and is accompanied by a certificate of coun-

sel.[1] The question arises whether the affidavit is sufficient to meet the statutory requirements set out above.

■ It is the duty of the judge, to whom an affidavit of personal bias or prejudice is directed, to determine the legal sufficiency of the affidavit to charge personal prejudice and bias. In doing so, he must accept as true the facts therein set forth and if the affidavit is legally sufficient the judge to whom it is addressed may proceed no further. *Scott v. Beams,* 122 F.2d 777 (Tenth Cir. 1941), cert. den. 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1208. *Harris v. Britton,* 361 F.Supp. 528 (W.D.Okla.1973); *Morrison v. United States,* 321 F.Supp. 286 (N.D.Tex. 1969); and see *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). However, if the statutory requirements are not satisfied it is the duty of the judge to refuse to disqualify himself. As stated in *In re: Union Leader Corporation,* 292 F.2d 381, 391 (First Cir. 1961):

"There is as much an obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is."

■ 28 U.S.C. § 144 provides that the bias sufficient to disqualify must be "personal". The rule is that:

"To sustain disqualification the bias and prejudice must arise from an 'extrajudicial source' and result in an opinion 'on some basis other than what the judge learned from his participation in the case.' *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778."

*Davis v. Cities Service Oil Company,* 420 F.2d 1278 (Tenth Cir. 1970). As in that case, so here, all of the complaints of the Petitioner have their origin in judicial proceedings and the action of the Court was on the record made in those proceedings. It is specifically noted that all complaints made by Petitioner herein in his said affidavit arise from comments contained in the

---

1. Counsel making said affidavit and filing the Motion herein represented Petitioner on the appeal of the conviction under attack. They

did not participate in the trial of the case and are not admitted to practice before this Court nor have they sought permission for same.

Court's letter order of March 7, 1975 filed in the criminal case in response to and in ruling on requests by Petitioner for a reduction of sentence. All of the matters complained of in said letter order constituted factors considered by the Court in ruling on Petitioner's request for a reduction of his sentence. Adverse rulings of the Court do not constitute grounds for disqualification. *Martin v. United States,* 285 F.2d 150 (Tenth Cir. 1960), cert. den. 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816; *Knoll v. Socony Mobil Oil Company,* 369 F.2d 425 (Tenth Cir. 1966) cert. den. 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138.

■ The allegations contained in the said Affidavit that Petitioner believes the Court will not fairly consider his 28 U.S.C. § 2255 Motion unless restitution is made is a mere conclusion of bias and prejudice. The affidavit must state facts and not conclusions. *Inland Freight Lines v. United States,* 202 F.2d 169 (Tenth Cir. 1953); *Knoll v. Socony Mobil Oil Company, supra.* Further, even if the conclusionary allegation is true (which it is not) Petitioner has not shown the Court's alleged bent of mind to be a personal bias, extrajudicial in origin. *United States v. Grinnell Corp.,* 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

■ The contention contained in Petitioner's Affidavit that he believes the Court has formed an adverse opinion against him because the Court stated he believed Petitioner's testimony at the time of the trial was perjurious also is a mere conclusion. Such statement by the Court certainly is of a judicial origin relating to observations of the Court at the time of the trial. This matter was appropriate for consideration by the Court when Petitioner requested a reduction in his sentence.

■ The allegation in the Affidavit that the Court in considering the perjured testimony of Petitioner's alibi witness indicates the Court is allowing the conviction of said witness in another trial to reflect on the merits of Petitioner's Motion is a mere conclusion. Said perjured testimony occurred

before this Court. This Court can take judicial knowledge of proceedings in its Court and thus said witnesses' conviction is known to this Court. This Court was Chief Judge of this District when Petitioner's witness was tried for perjury and purposely assigned said case to another Judge for trial. All such knowledge of said case by this Court is judicial in origin.

In the case of *Mirra v. United States,* 379 F.2d 782 (Second Cir. 1967), cert. den. 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667, the Court stated:

"Any opinions formed for or against a party by reason of the evidence and observed conduct before a judge in a judicial proceeding, and the judge's expressions of such opinions, however vigorous, are not the personal 'bias and prejudice' required to disqualify a judge under the statute. *Foster v. Medina,* 170 F.2d 632 (2d Cir. 1948), cert. denied 335 U.S. 909, 69 S.Ct. 412, 93 L.Ed. 442 (1949)."

In the instant case, all expressions of the Court contained in its letter of March 7, 1975 relate to conduct and evidence observed by the Court in the judicial proceedings arising from the bank robbery for which Petitioner was charged and convicted.

The Court in *Mirra v. United States, supra,* stated further:

"And the fact that personal observations by the judge on trial necessarily enter into his rulings is not cause for disqualification. Indeed, one of the purposes of § 2255 was to make use of such knowledge of the trial occurrences in passing on attacks on convictions because of such occurrences. *United States v. Smith,* 337 F.2d 49, 53 (4th Cir. 1964), cert. denied 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436 (1965)."

The Court in *Morrison v. United States, supra,* stated:

"28 U.S.C.A. Section 2255, shows that it is the established public policy of the federal government that collateral attacks on convictions should be heard, if

possible, by the judge who imposed the sentence. He is in the best position to evaluate an attack from the legality and fairness of the trial. It stands to reason that in most cases a petitioner seeking to vacate his conviction would rather have some judge other than the one who presided at the trial of his case on the merits. If judges should readily recuse themselves without adequate justification, it would be an incentive to petitioners under Section 2255 to file affidavits of bias and prejudice."

In summary, the allegations of the Petitioner's Affidavit reflect a discontented litigant who seeks to oust a Judge because he is displeased with the action of the Court in prior proceedings. This is not the purpose of the statute. See *Ex parte American Steel Barrel Company,* 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913). Accordingly, the Petitioner's Affidavit made pursuant to 28 U.S.C. § 144 is dismissed and this Court declines to disqualify itself from further proceedings in this Section 2255 Motion for the reason said Affidavit is insufficient.

Looking to the merits of Petitioner's Motion pursuant to 28 U.S.C. § 2255 to include a review of the files and records in case number 28055 Criminal in which Petitioner was convicted it conclusively appears that Petitioner is not entitled to the relief requested.

The issue raised that the sentence is improper because the Court was required to make a finding that Petitioner would not benefit from the Youth Corrections Act prior to the imposition of sentence was fully determined in this Court's Order of April 17, 1975 after said issue was raised by Petitioner. The Court found in said Order that Petitioner was not a "youth offender" under said Act and such findings would be readopted by this Court if it were necessary to reconsider this issue. The provisions of 28 U.S.C. § 2255 state in part:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

The standards for applying said section were set out by the Court in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) wherein it is stated:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

In the instant case, all three of the criteria above stated are met when the instant Motion is considered in reference to the Court's Order of April 17, 1975 wherein Petitioner's contention that the Court was required to have considered whether Petitioner would have benefited from sentencing under the Y.C.A. prior to the imposition of sentencing was determined adversely to Petitioner and such determination was on the merits. The Court determines that the ends of justice would not be served by a reconsideration of this legal issue. In *Sanders v. United States, supra,* the Supreme Court stated that the burden was on the applicant to show that the ends of justice would be served by a redetermination of the ground. In the instant case, Petitioner has not met said burden and in fact attempts to evade same by stating he has made no previous motions for post conviction relief and further by stating he has not raised the grounds asserted in the instant Motion in a previous § 2255 motion. The Court finds these statements to be factually incorrect.

■ As noted previously, Petitioner filed a Notice of Appeal directed towards the Court's Order of April 17, 1975 and then apparently failed to perfect said appeal. It would appear that the instant Motion is an attempt to resurrect said abandoned appeal. 28 U.S.C. § 2255 is not a substitute for an appeal. *Carrillo v. United States,* 332 F.2d 202 (Tenth Cir. 1964).

■ The Court declines to redetermine the issue that the Court should have made a

finding that Petitioner would not have benefited from sentencing under the Y.C.A.

 The issue relating to the length of the sentence imposed constituting cruel and unusual punishment is patently without merit. The sentence imposed was the maximum allowed for the offense for which Petitioner was convicted. In *Cooper v. United States,* 403 F.2d 71 (Tenth Cir. 1968) the Court stated:

> "Accordingly, we will view this contention as if the maximum sentence had been imposed. In doing so we note that a sentence within the maximum prescribed by law will be deemed to be cruel and unusual only when such a conclusion is clearly required. *Hedrick v. United States,* 357 F.2d 121 (10th Cir. 1966). This is in recognition of the fact that the fixing of an adequate penalty is properly a matter of legislative concern. Hence, it is only when it can be unhesitatingly said that the legislature has abused its discretion that the prescribed penalty will be abrogated by the court. *Bailey v. United States,* 74 F.2d 451 (10th Cir. 1934)."

See also *Haskins v. United States,* 433 F.2d 836 (Tenth Cir. 1970).

 The Petitioner's Motion to Vacate Sentence Under 28 U.S.C. Section 2255 together with the files and records of Petitioner's criminal case conclusively show the Petitioner is not entitled to relief and there are no material issues of fact. Therefore, there is no necessity for this Court to hold an evidentiary hearing. *Semet v. United States,* 369 F.2d 90 (Tenth Cir. 1966). The Motion is denied.