EDWARD A. CABRERA, et al., )        CIVIL ACTION NO. 80-0019
                          )
            Plaintiffs,   )
                          )
        vs.               )
                          )
CARLOS S. CAMACHO, et al., )
                          )
            Defendants.   )
_____ )

ROBERT D. BRADSHAW,        )        CIVIL ACTION NO. 80-0021
individually and as Public )
Auditor for the Commonwealth )
of the Northern Mariana    )
Islands,                   )
                          )
            Plaintiff,     )
                          )
        vs.               )        DECISION AND ORDER
                          )
CARLOS S. CAMACHO, et al., )
                          )
            Defendants.   )
_____ )

MEMORANDUM DECISION

Plaintiffs in the above-captioned cases have moved that I disqualify myself in all proceedings in these cases pursuant to 28 U.S.C. §§ 144 and 455(a) (also cited herein as § 144 and § 455(a)). In a companion case, Jesus P. Mafnas v. Carlos S. Camacho, et al.,(Civil No. 80-0012), upon plaintiff's motion I disqualified myself from any further proceedings, for reasons stated in the court's Certificate of Recusal filed on July 24, 1980.

28 U.S.C. § 144 provides:

### § 144. Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

As amended May 24, 1949, c. 139, § 65, 63 Stat. 99.

28 U.S.C. § 455(a) provides:

### § 455. Disqualification of justice, judge or magistrate

(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

## I. TIMELINESS AND GOOD FAITH OF COUNSEL

The motions in these case were filed on July 7, 1980. In compliance with the mandate of § 144, affidavits and certificates of good faith of counsel were duly filed with these motions.

The Court finds that the certificates of good faith filed by plaintiff's counsel are in compliance with § 144. Further, considering all circumstances, the affidavits of plaintiffs are deemed to have been timely made. It is therefore left to the Court to determine (1) the legal sufficiency of the affidavits under § 144

and (2) the reasonableness with which my impartiality may be questioned, pursuant to § 455.

In Civil Action No. 80-0019, the affidavit of plaintiffs states in relevant part the following:

> 2. We have read Judge Laureta's Disclosure filed with the Court in the above-named action.
>
> 3. Based on the relationship between Judge Laureta and Mr. Saul A. Newman, defendant herein, we believe that Judge Laureta is biased in favor of Mr. Newman. We believe Judge Laureta showed bias during the hearing concerning an Order to Show Cause, heard on June 20, 1980. Mr. Newman admitted he had been properly served, but failed to appear for the hearing on its scheduled date of June 19, 1980. Judge Laureta did not fully inquire into his reason for not appearing, and we believe this is due to bias in favor of Mr. Newman.
>
> 4. Mrs. Laureta, the spouse of Judge Laureta, is employed in the Executive Brach (sic) of the Commonwealth Government, the Chief Executive being defendant Carlos S. Camacho, and we believe this creates a bias in favor of Carlos S. Camacho.
>
> 5. We would therefore respectfully request that Judge Laureta excuse himself from further consideration or participation in the above-named matter.

In Civil Action No. 80-0021, the affidavit of plaintiff states in relevant part the following:

> 2. I have read Judge Luareta's (sic) Disclosure filed with the Court in the above-named action.
>
> 3. Based on the relationship between Judge Laureta and Mr. Saul A. Newman, defendant herein, I believe that Judge Laureta is biased in favor of Mr. Newman.
>
> 4. Mrs. Laureta, the spouse of Judge Laureta, is employed in the Executive Branch of the Commonwealth Government, the Chief Executive being defendant Carlos S. Camacho, I believe this creates a bias in favor of Carlos S. Camacho.
>
> 5. I would therefore respectfully request that Judge Laureta excuse himself from further consideration or participation in the above-named matter.

Both affidavits have been duly signed and sworn to by the respective plaintiffs-affiants.

## II. LEGAL SUFFICIENCY UNDER § 144; THE STANDARDS FOR DISQUALIFICATION UNDER § 455(a).

### A. 28 U.S.C. § 144.

It is the duty of the judge to whom the affidavit of personal bias or prejudice is directed to determine the legal sufficiency of the affidavits charging personal bias and prejudice: if the affidavit is legally sufficient, the judge may proceed no further, but if statutory requirements are not satisfied, it is the duty of the judge to refuse to disqualify himself. 28 U.S.C. § 144; Davis v. United States, 415 F. Supp. 982 (D.C. Okla. 1975). While a judge has an unavoidable duty to recuse himself when facts are properly verified by an affidavit supporting a claim of legally cognizable bias or prejudice, he has an equally unavoidable duty not to recuse himself when the facts verified by affidavit do not support an allegation of legally cognizable bias or prejudice. Deal v. Warner, 369 F. Supp. 174 (D.C. Mo. 1973); see also United States v. Sinclair, 424 F. Supp. 715 (D.C. Del. 1976), United States v. Moore, 405 F. Supp. 771 (D.C. W. Va. 1976), Firnhaber v. Sensenbrenner, 385 F. Supp. 406 (D.C. Wis. 1974), Euge v. Trantina, 298 F. Supp. 876 (D.C. Mo. 1969), Town of East Haven v. Eastern Airlines; Inc., 293 F. Supp. 184 (D.C. Conn. 1968), United States v. Devlin, 284 F. Supp. 477 (D.C. Conn. 1968), Davis v. United States, 415 F. Supp. 982 (D.C. Okla. 1975), Molinaro v. Watkins-Johnson C.E.I. Division, 359 F. Supp. 474 (D.C. Md. 1973), Investors Thrift Corp. v. Sexton, 347 F. Supp. 1207 (D.C. Ark. 1972), Bradley v. School Bd. of City of Richmond, Va., 324 F. Supp. 439 (D.C. Va. 1971), United States v. Anderson, 433 F. 2d 856 (8th Cir. 1970). If the allegations in the affidavit are timely made and state facts that,

75

if true, are sufficient as a matter of law to cause disqualification, then the judge against whom it is directed is obligated to recuse himself even though he may know for certain that the allegations of bias or prejudice are false.  United States v. Partin, 312 F. Supp. 1355 (D.C. La. 1970); see also Morrison v. United States, 321 F. Supp. 286 (D.C. Tex. 1969), affirmed 432 F. 2d 1227, certiorari denied 91 S.Ct. 959, 401 U.S. 945, 28 L. Ed. 2d 227.

B.   28 U.S.C § 455(a).

In regard to the standards for disqualification under § 455(a), the United States Court of Appeals for the Ninth Circuit has provided the following historical analysis and rule in United States v. Olander, 584 F. 2d 876 (9th Cir. 1978)[1]:

> 28 U.S.C. § 455 was amended in relevant part in 1974 to provide:
>
> > (a)  Any... judge... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> >
> > (b)  He shall also disqualify himself in the following circumstances:
> >
> > > (1)  Where he has a personal bias or prejudice concerning a party...
> >
> > [8]  The 1974 amendments to § 455, with minor changes, effectively enacted Canon 3C of the American Bar Association Code of Judicial Conduct into law.  When the ABA adopted the Code in 1972, it incorporated the language of 28 U.S.C. § 144 requiring recusal whenever a judge "has a personal bias or prejudice" against a party into Canon 3C, "Disqualification," (1)(a), "personal bias or prejudice concerning a party."  The 1974 amendments to § 455 simply repeated this language.  Accordingly,

- - - - - - - - - -

[1]  Olander cites § 455(a) as amended in part in 1974.  On November 6, 1978, the Section was further amended in Pub. L. 95-598, Title II, § 214(a), (b), 92 Stat. 2661.  The provisions cited above are identical to § 455(a) as amended in 1978.

76

the decisions interpreting this language in § 144 are controlling in the interpretation of § 455(b)(1). See United States v. Hall, N.D. Okl., 1975, 424 F.Supp. 508, 533, aff'd, 10 Cir., 1976, 536 F.2d 313; 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3542, at 345-46 (1975); see generally United States v. Azhocar, 9 Cir., 1978, 581 F.2d 735.

[9]  The similarity of § 455 to Canon 3C also extends to subsection (a) of § 455. Both Canon 3C(1) and § 455(a) provide for a judge's diqualification in any procceding "in which his impartiality might reasonably be questioned." In Canon 3C(1)(a) this language explicitly includes, but is not limited to, cases of personal bias and prejudice. It is less clear that the language of § 455(b)(1) was intended to be subsumed in § 455(a), for subsection (b)(1) is prefaced by the phrase "[a judge] shall also disqualify himself in the following circumstances: ..." (emphasis added). But the addition of this phrase is described in the legislative history as "a technical change," and § 455(a) is characterized as a "general, or catch-all, provision." H.R.Rep. No. 93-1453, 93d Cong. 2d Sess., reprinted in [1974] U.S. Code Cong. & Admin. News, pp. 6351, 6354. In view of this, and because subsection (b)(1) expressly deals with disqualification for bias or prejudice, it would be incorrect as a matter of statutory construction to interpret § 455(a) as setting up a different test for disqualification for bias or prejudice from that in § 455(b)(1). This is especially so because both the drafters of the Code and the Congress in adopting subsection (b)(1) were careful to follow the language of § 144. See Frank, Commentary on Disqualification of Judges -- Canon 3C, 1972, Utah L.Rev. 377, 380 (section 144 has "been construed so narrowly as to require the clearest sort of direct personal bias against a party The new Canon gingerly enters this field [and] makes no waves.").

We agree with the Fifth Circuit that there is "no suggestion in the legislative history" that by the 1974 amendment of § 455, the decisions interpreting the bias or prejudice language of § 144 "were being overruled or in anywise eroded," and with that court's conclusion that the test for bias and prejudice is the same under both statutes. Davis v. Board of Commissioners, 5 Cir. 1975, 517 F.2d 1044, 1052.

Taking both § 144 and § 455(a) as the statutory grounds for recusal, I make the following determination and decision on the affidavits:

1.  In regard to paragraphs 4 of both affidavits, I do not find that there is any basis for disqualification. My wife, as Administrative Assistant to the Chief Physical Planner of the Commonwealth Energy Office, is not involved in any way in any of these proceedings, and is not privy to any extra-judicial information bearing on these cases. Her employment status is not dependent upon, nor affected by, either directly or indirectly, the outcome of the litigation of these cases. I therefore do not find that the affidavits are legally sufficient in asserting any facts regarding Mrs. Laureta which demonstrate bias or prejudice on my part in favor of defendant Governor Carlos S. Camacho. Further, the mere fact that the Office of Energy is under the Executive Branch of the Commonwealth Government is too tenuous a ground for asserting that my impartiality might reasonably be questioned. Accordingly, the motions for disqualification on this ground will be denied.

2.  The remainder of the affidavits deal with my alleged bias in favor of defendant Saul A. Newman. Once again, I do not find that the affidavits, incorporating by reference my disclosure[2] filed on June 26, 1980, disclose any facts that are legally sufficient in demonstrating that I am personally biased or prejudiced in favor of defendant Saul Newman.

However, I have more difficulty in deciding whether my impartiality in this matter "might reasonably be questioned." Although the authorities herein clearly require the judge whose impartiality is brought into issue to decide on the question of impartiality, by definition the statute sets up a "reasonable person," or objective, standard, thereby suggesting reference to a postulated authority

- - - - - - - - - -

[2] Prior to June 26, 1980, it was suggested to me by counsel of record for the plaintiffs that I recuse myself from presiding in these cases because of my friendship with the Newmans. I filed the above-mentioned disclosure and accompanying Interim Advisory Committee on Judicial Activities, Advisory Opinion No. 11, in the belief that recusal was not required. The facts cited in Advisory Opinion No. 11 present a stronger case for disqualification than the facts in this case, yet recusal was not recommended.

outside the deliberative processes of the judge who disqualification is sought, those provisions of <u>Olander</u>, <u>supra</u>, to the contrary notwithstanding.

Were these cases filed within the past sixty days, I would not find that my impartiality might reasonably be questioned for the reason that our contacts with the Newmans in 1980 have been minimal. Because of the small population on Saipan, our paths have crossed, and in all probability will continue to cross with the Newmans', both within and outside a social context. However, I have decided some time ago that the social contacts that my wife and I have shared with the Newmans should be minimized because of the possibility that any new cases filed against the government, naming the finance director as a party-defendant, may cause other attempts for disqualification on the same grounds. But even as I now find that there are at this stage of the proceedings no reasonable grounds for questioning my impartiality, I will find that there may be grounds for reasonably questioning my impartiality regarding Mr. Newman at the time these causes of action accrued. I personally know that I could at all stages of the proceedings from the commencement of this litigation preside without bias or prejudice toward any of the parties. I will concede, however, and resolve the doubt which the plaintiff-movants harbor as to my impartiality in their favor on this ground alone.

## ORDER

NOW THEREFORE, good cause appearing,

I hereby recuse myself from all further proceedings in Civil Action No. 80-0019 and Civil Action No. 80-0021;

FURTHER,

The Court will cause to be assigned forthwith a Designated Judge of this Court to continue as the presiding judge in all further proceedings which may be had in the cases mentioned herein.

IT IS SO ORDERED.

DATED:  Saipan, Northern Mariana Islands this _____ day
of JULY, 1980.

ALFRED LAURETA
Judge of the above-entitled Court