## CIRCUIT COURT OF FAIRFAX COUNTY

Babyak, Trustee, et al.

v.

Watts et al.

March 22, 1990

Case No. (Chancery) 114682

By JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on the objection filed by defendant, Bertram R. Gartenhaus (Gartenhaus) to the release of complainants, as Trustees, pursuant to a Bill of Interpleader filed by complainants. Gartenhaus opposes the release on the grounds that he has asserted counterclaims against the Trustees which are still pending. The facts are taken from the papers filed by the parties with the Clerk of Court.

On January 16, 1990, complainants, as Trustees under a deed of trust, filed a Bill of Interpleader seeking to join the defendants for purposes of determining legal title to certain funds in the amount of $40,000.00. The Bill also seeks the release of the complainants, as Trustees, upon their payment of the funds into the Court. Gartenhaus has asserted counterclaims against the complainants alleging fraud, breach of contract, negligence and breach of fiduciary duty. Gartenhaus opposes complainant's release on the grounds that the counterclaims are still pending.

The Code of Virginia provides for an interpleader action to permit any person holding property which is the subject of multiple adverse claims to join the defendants in one action. Va. Code § 8.01-364. The section is not intended to limit the remedies provided by any other code provisions. Va. Code § 8.01-364(B). A review of the legislative history reveals that Virginia's inter-

pleader statute is patterned after the federal interpleader provisions. F.R.C.P. 22, the federal analog to § 8.01-364 specifically authorizes a defendant to assert cross-claims or counterclaims in an interpleader action. The reference to cross-claims and counterclaims was deleted from Section 8.01-364. However, they are now encompassed by the term "pleading" in the first sentence of § 8.01-364(A). Virginia Code Commission, Report to the Governor and General Assembly of 1977, at 234 (1976).

Under the language of § 8.01-364, the defendant may properly assert counterclaims in an interpleader action. The fact that the counterclaims allege that the stakeholder is liable to one of the claimants on an independent basis does not defeat an interpleader action. *Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir. 1976); *Knoll v. Socony Mobil Oil Company*, 369 F.2d 425, 429 (10th Cir. 1966), citing *Erie Bank v. United States District Court for the District of Colorado*, 362 F.2d 539 (10th Cir. 1966); *Libby, McNeill and Libby v. City Nat. Bank*, 592 F.2d 504, 507 (9th Cir. 1978). In situations where there is an allegation of independent liability on the part of the stakeholder, it is within the Court's discretion as to how the litigation will proceed.

In the case at bar, Gartenhaus alleges that the complainants, as Trustees, are liable to him on the theories of fraud, breach of contract, negligence, and breach of fiduciary duty. The counterclaims arise out of the same transaction as the interpleader action in that they seek, among other damages, the $40,000.00 in interpleaded funds. It is the Court's opinion that releasing the complainants, as Trustees, from further liability would be improper where there exist valid counterclaims. Defendant's objection to the release of the complainants from further liability is sustained.